**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAUREN NOEL,                          ) Case No. 12-4019-SC
                                      )
            Plaintiff,                ) ORDER GRANTING DEFENDANT'S
                                      ) MOTION TO DISMISS
      v.                              )
                                      )
BANK OF AMERICA,                      )
                                      )
            Defendant.                )
                                      )
_____       )

## I.    INTRODUCTION

On July 31, 2012, Plaintiff Lauren Noel ("Plaintiff") filed a complaint naming Bank of America ("BOA") as the sole defendant. ECF No. 1 ("Compl.").  The complaint asserts five claims arising from BOA's alleged attempts to collect a consumer credit card debt from Plaintiff: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); (2) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"); (3) unfair business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"); (4) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"); and (5) negligence per se, based on BOA's alleged failure to comply with the FDCPA, FCRA, UCL, and RFDCPA.

**United States District Court**
For the Northern District of California

1    On August 27, 2012, FIA Card Services, N.A. ("FIA") came

2    forward as a defendant and filed a certificate and notice of

3    interested parties in which it certified that it is a wholly-owned

4    subsidiary of Bank of America Corporation.  ECF No. 8.

5    Concurrently, FIA filed a motion to dismiss Plaintiff's complaint

6    pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 7

7    ("Mot.").  FIA represents that Plaintiff sued BOA in error and that

8    FIA is the real party in interest.  See id. at 3.

9    FIA's motion to dismiss is now pending before the Court.  It

10   has been fully briefed.  ECF Nos. 10 ("Opp'n"), 14 ("Reply").  No

11   oral argument is needed.  Civ. L.R. 7-1(b).  For the reasons set

12   forth herein, the Court GRANTS FIA's motion to dismiss.  The Court

13   DISMISSES Plaintiff's complaint, in part with prejudice and in part

14   with leave to amend, as set forth below.

15

16   **II.   BACKGROUND**

17   Plaintiff alleges that she paid off any debt she may once have

18   owed to BOA.  Compl. ¶ 13.  She alleges that, in 2009, she sought

19   assistance from counsel to address BOA's allegedly "aggressive and

20   harassing collection efforts."  Id. ¶ 14.  On April 29, 2009,

21   through counsel, she sent to BOA via facsimile a letter which

22   "disputed the debt purportedly owed, sought an accounting, and

23   demanded that collections efforts cease and desist."  Id. ¶¶ 20-21;

24   id. Ex. A ("April 29 Letter").  Plaintiff alleges that, following

25   the April 29 Letter, BOA "actually increased its collection

26   efforts, using not only multiple telephone calls but also text

27   messages."  Id. ¶ 22.  This prompted Plaintiff's counsel to fax

28   another letter to BOA on May 18, 2009.  Id. ¶¶ 23-24; id. Ex. B

1   ("May 18 Letter").  Over the next few months, Plaintiff's counsel

2   contacted various entities -- apparently, debt collectors -- and

3   collection efforts ceased.  <u>Id.</u> ¶¶ 25-29.

4       Plaintiff alleges that, "[d]uring the summer of 2011,

5   Plaintiff attempted to purchase a home and learned that she would

6   be forced to continue renting due to credit reporting by Defendants

7   [sic]."  <u>Id.</u> ¶ 30.  Plaintiff alleges that she "contested the

8   reports with all three credit reporting agencies."  <u>Id.</u> ¶ 31.

9   Plaintiff allegedly received an investigation report from the

10  credit reporting agency TransUnion, dated August 30, 2011, which

11  shows that BOA "reported the debt as verified with no change."  <u>Id.</u>

12  ¶ 31; <u>id.</u> Ex. E ("Report").  Plaintiff alleges that her counsel

13  received another debt collection attempt from a non-BOA entity in

14  the spring of 2012, but that this entity "ceased collections

15  shortly thereafter."  <u>Id.</u> ¶¶ 33-34.  Plaintiff further alleges that

16  BOA "continued to fail to correct its reporting of the invalidated

17  debt" and represented to her that BOA "would do nothing but attempt

18  to report the alleged debt as 'sold.'"  <u>Id.</u> ¶ 35.

19

20  **III.  <u>LEGAL STANDARD</u>**

21      A motion to dismiss under Federal Rule of Civil Procedure

22  12(b)(6) "tests the legal sufficiency of a claim."  <u>Navarro v.</u>

23  <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

24  on the lack of a cognizable legal theory or the absence of

25  sufficient facts alleged under a cognizable legal theory."

26  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

27  1988).  "When there are well-pleaded factual allegations, a court

28  should assume their veracity and then determine whether they

1  plausibly give rise to an entitlement to relief." <u>Ashcroft v.</u>

2  <u>Iqbal</u>, 556 U.S. 662, 679 (2009). However, "the tenet that a court

3  must accept as true all of the allegations contained in a complaint

4  is inapplicable to legal conclusions. Threadbare recitals of the

5  elements of a cause of action, supported by mere conclusory

6  statements, do not suffice." <u>Id.</u> at 678 (citing <u>Bell Atl. Corp. v.</u>

7  <u>Twombly</u>, 550 U.S. 544, 555 (2007)). The allegations made in a

8  complaint must be both "sufficiently detailed to give fair notice

9  to the opposing party of the nature of the claim so that the party

10 may effectively defend against it" and "sufficiently plausible"

11 such that "it is not unfair to require the opposing party to be

12 subjected to the expense of discovery." <u>Starr v. Baca</u>, 633 F.3d

13 1191, 1204 (9th Cir. 2011).

14

15 **IV.  <u>DISCUSSION</u>**

16     **A.  <u>General Pleading Defects</u>**

17     For at least two reasons, the complaint as a whole is

18 insufficiently pled and therefore subject to dismissal. The first

19 is that Plaintiff has not named a legal entity as a defendant. The

20 Court is unaware of any entity named "Bank of America" (as opposed

21 to, for example, "Bank of America, N.A."). <u>See</u> <u>Phillips v. Bank of</u>

22 <u>Am.</u>, CIV. 10-00551, 2011 WL 240813, at *3 (D. Haw. Jan. 21, 2011)

23 (observing that "Bank of America" is "not a legal entity" and

24 dismissing case with leave to file amended complaint "against a

25 properly-named defendant or defendants"). In her opposition,

26 Plaintiff takes the position that BOA acted as a debt collector on

27 behalf of FIA. Opp'n at 2. That may be so, but the complaint

28 itself alleges no relationship between BOA and FIA, because it does

not mention FIA.  Neither does it allege who owns or owned the alleged debt that Plaintiff allegedly satisfied.  If Plaintiff amends her complaint, she shall properly name a legal entity as defendant, and she shall allege the owner of the alleged debt in addition to the identity of the alleged debt collector.

The second reason Plaintiff's pleading fails as a general matter is that it does not plainly state which allegations support which claim.  Plaintiff sets out her factual allegations in a single factual account.  Compl. ¶¶ 13-36.  Each of her five claims then incorporates these facts by reference.  Id. ¶¶ 37, 41, 46, 51, 54.  The remainder of each claim consists of a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.  Each claim, then, depends solely on the factual allegations incorporated by reference.

Incorporation by reference is sometimes warranted and, "[p]roperly used, such incorporation promotes simple, concise pleadings." Destfino v. Kennedy, CVF081269LJODLB, 2009 WL 63566, at *4 (E.D. Cal. Jan. 8, 2009) aff'd sub nom. Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011).  Here, however, Plaintiff has not connected specific allegations to the elements of her claims. There is no way to tell which allegedly wrongful act goes with which legal claim.  Put another way, Plaintiff has yet to articulate why the alleged conduct is unlawful.  Plaintiff thus fails to satisfy Rule 8(a)'s requirement that the pleading set forth a "short and plain statement" of the facts giving rise to each claim for relief.  Plaintiff is advised that, if she chooses to amend her complaint, each claim must be set out with a short and

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1  plain statement of the specific factual allegations supporting that

2  claim.

3     The Court also observes that Plaintiff, in both her complaint

4  and opposition, emphasizes allegations that Defendant "lied to

5  her."  Compl. ¶¶ 15-16; Opp'n at 2.  Though Plaintiff has chosen

6  not to bring a claim for misrepresentation, her allegations of

7  lying sound in fraud and hence are subject to Rule 9(b), which

8  requires Plaintiff to "state with particularity the circumstances

9  constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  "To satisfy

10  Rule 9(b), a pleading must identify 'the who, what, when, where,

11  and how of the misconduct charged,' as well as 'what is false or

12  misleading about [the purportedly fraudulent] statement, and why it

13  is false.'"  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,

14  637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations omitted).

15  Plaintiff's allegations, which omit what was said, when, by whom,

16  under what circumstances, or why the statements were false, fall

17  far short of satisfying this standard.  Any further allegations of

18  misrepresentation must comply with Rule 9(b).

19     Because the entire complaint is inadequately pled and thus

20  subject to dismissal, the next question is whether any of

21  Plaintiff's claims shall be dismissed with prejudice.  "[A]

22  district court should grant leave to amend . . . unless it

23  determines that the pleading could not possibly be cured by the

24  allegation of other facts."  Silva v. Di Vittorio, 658 F.3d 1090,

25  1105 (9th Cir. 2011) (quoting Lopez v. Smith, 203 F.3d 1122, 1130

26  (9th Cir. 2000)).  With this standard in mind, the Court turns to

27  Plaintiff's individual claims.

28  ///

**B.  FDCPA**

The FDCPA applies to debt collectors.  15 U.S.C. § 1692a(6). It does not, however, apply to creditors who seek to collect a debt in their own right.  Id. § 1692a(6)(A).  FIA argues that Plaintiff's FDCPA claim fails as a matter of law because FIA is not a debt collector within the meaning of § 1692a(6); rather, FIA avers, it is a creditor seeking to collect its own debt.  Mot. at 5.  However, as explained above, the complaint does not allege who owns the debt.  Accordingly, the Court cannot ascertain whether the alleged debt is one allegedly owned by FIA or some other entity.

The Court is aware of FIA's position that it is part of BOA and the real party in interest, and of the authorities FIA has marshaled in support of this point.  Reply at 2-3 (citing cases). However, the complaint names BOA, not FIA, and at this juncture the Court is not inclined to reach beyond the boundaries of the complaint and impute BOA's conduct to FIA, or vice-versa.  Doing so would amount to a de facto revision of Plaintiff's complaint. Plaintiff is master of her complaint and she will have another opportunity to set forth her allegations against the party she indeed wants to sue.

The Court also acknowledges Plaintiff's argument that BOA serves as a debt collector on behalf of FIA.  Opp'n at 3; see also Compl. ¶ 38 (alleging, in its entirety, that "Defendants [sic] are debt collectors as defined by 15 U.S.C. [§] 1692a(6)").  However, facts must be alleged in a pleading, not the moving papers.  As noted above, Plaintiff's complaint does not mention FIA or explain its relationship to BOA, which, in any event, is not a legal entity.  Moreover, Plaintiff's argument rests on the premise that

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  BOA is a debt collector.  But Plaintiff's statement that BOA is a

2  debt collector is a legal conclusion, not a factual allegation

3  entitled to the presumption of truth.  <u>Iqbal</u>, 556 U.S. at 680.

4  Because the FDCPA defines "debt collector" to include one who

5  collects a debt on behalf of another but to exclude those who

6  collect on their own debts, Plaintiff needs to allege facts

7  addressing the ownership of the debt.

8     The Court DISMISSES Plaintiff's FDCPA claim.  Plaintiff has

9  leave to amend this claim consistent with the guidance herein.

10  **C.   <u>FCRA</u>**

11     The FCRA requires "furnishers of information . . . to consumer

12  reporting agencies to provide accurate information" regarding a

13  consumer's debt.  15 U.S.C. § 1681s-2(a).  As FIA correctly notes,

14  however, there is no private right of action to enforce the

15  obligations established by § 1681s-2(a).  <u>See</u> <u>Nelson v. Chase</u>

16  <u>Manhattan Mortgage Corp.</u>, 282 F.3d 1057, 1059 (9th Cir. 2002)

17  (holding that only federal and state officials can enforce the

18  provisions set forth in § 1681s-2(a)).

19     The FCRA does, however, confer a private right of action upon

20  consumers and allow them to sue a furnisher of credit information

21  if such furnisher breaches any of the duties enumerated in § 1681s-

22  2(b).  <u>See</u> <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1154

23  (9th Cir. 2009).  However, "[t]hese duties arise only after the

24  furnisher receives notice of dispute from a [credit reporting

25  agency] . . . ."  <u>Id.</u>  Here, Plaintiff alleges that she contested

26  credit information furnished to the three credit reporting agencies

27  by BOA.  However, she does not allege that BOA (let alone FIA, who

28  is not named in the complaint) ever received notice of the dispute.

**United States District Court**
For the Northern District of California

1   Moreover, to state a claim for furnishing inaccurate information,

2   Plaintiff must identify which information is inaccurate.  <u>See</u>

3   <u>Carvalho v. Equifax Info. Servs., LLC</u>, 588 F. Supp. 2d 1089, 1096

4   (N.D. Cal. 2008) <u>aff'd</u>, 629 F.3d 876 (9th Cir. 2010).  As FIA

5   points out, Mot. at 7-8, Plaintiff has not done so.  Accordingly,

6   Plaintiff has not stated a claim under § 1681s-2(b).

7       The Court DISMISSES Plaintiff's FCRA claim.  This claim is

8   dismissed with prejudice to the extent it is premised on alleged

9   violations of § 1681s-2(a), for which there is no private right of

10  action.  Plaintiff has leave to amend to assert a claim based on §

11  1681s-2(b).

12      **D.   <u>UCL</u>**

13      The UCL provides plaintiffs with three theories of relief, or

14  "prongs," under which to challenge a business practice:

15  unlawfulness, unfairness, or fraud.  <u>See</u> <u>Saunders v. Sup. Court</u>, 27

16  Cal. App. 4th 832, 838-39 (Cal. Ct. App. 1994) (distinguishing

17  prongs).  Plaintiff does not identify which prong of the UCL she

18  means to invoke.  <u>See</u> Compl. ¶¶ 46-50.  Plaintiff's failure to

19  articulate a recognizable legal theory, along with a paucity of

20  factual allegations, justifies dismissal of her UCL claim.

21      FIA argues that giving Plaintiff leave to amend this claim

22  would be improper because the FCRA preempts all state-law claims

23  based on conduct which also violates § 1681s-2(b).  Mot. at 8-9;

24  Reply at 4.  First, the Court notes that FIA appears to assume that

25  Plaintiff is proceeding on a UCL unlawfulness theory, since the

26  authorities FIA cites deal with the unlawfulness prong.  <u>E.g.</u>,

27  <u>Howard v. Blue Ridge Bank</u>, 371 F. Supp. 2d 1139, 1143-44 (N.D. Cal.

28  2005).  As the Court explained in the previous paragraph, that may

**United States District Court**
For the Northern District of California

1 │ or may not be so.  But assuming it is true that Plaintiff's UCL

2 │ claim rests on the UCL's unlawfulness prong, the Court believes

3 │ that Defendant overstates the preemptive effect of the FCRA on UCL

4 │ unlawfulness claims.  As this Court recently explained, district

5 │ courts in this circuit have adopted a variety of approaches to

6 │ determining the preemptive effect of the FCRA, some of which sweep

7 │ more broadly than others.  See Subhani v. JPMorgan Chase Bank, Nat.

8 │ Ass'n, C 12-01857 WHA, 2012 WL 1980416, at *3-6 (N.D. Cal. June 1,

9 │ 2012).  Even applying the "total preemption" approach that FIA

10 │ tacitly endorses, UCL claims based on violations of section

11 │ 1785.25(a) of the California Consumer Credit Reporting Agencies Act

12 │ are not preempted.  Id. at *7.  Accordingly, even if FIA's

13 │ assumptions are correct, the Court would be inclined to give

14 │ Plaintiff leave to amend to assert a UCL unlawfulness claim based

15 │ on section 1785.25(a).

16 │　　　　As the matter stands, however, Plaintiff has yet to articulate

17 │ with precision the legal basis of her UCL claim.  Accordingly, the

18 │ Court DISMISSES Plaintiff's UCL claim.  Plaintiff has leave to

19 │ amend it consistent with the guidance provided in this order.

20 │ Plaintiff must articulate a cognizable theory of recovery under at

21 │ least one clearly identified UCL prong, along with specific factual

22 │ allegations supporting that claim.

23 │　　　　**E.　RFDCPA**

24 │　　　　"Like the FDCPA, the RFDCPA applies only to debt collectors."

25 │ Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D.

26 │ Cal. 2008).  "The definition of 'debt collector' found in the state

27 │ statute is broader than that contained in the FDCPA, however."  Id.

28 │ "The RFDCPA defines a 'debt collector' as 'any person who, in the

ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.'" Id. (emphasis added) (quoting Cal. Civ. Code § 1788.2(c)).  Accordingly, while Plaintiff's FDCPA claim fails in part because it fails to allege that Plaintiff's alleged debt was being collected on behalf of another, Plaintiff's RFDCPA claim cannot fail for that reason: The RFDCPA covers entities that collect a debt on their own behalf.

However, Plaintiff's claim still fails as insufficiently pled. Plaintiff's pleading does not go beyond legal conclusions.  In pertinent part, "Plaintiff alleges a violation of RFDCPA, Cal. Civ. Code § 1788 et seq." and that the violations "were done willfully and knowingly to coerce Plaintiff into paying the alleged debt." Compl. ¶¶ 52-53.  Plaintiff identifies no facts supporting these legal conclusions, and declines even to identify which section of the RFDCPA allegedly was violated.

Accordingly, the Court DISMISSES Plaintiff's RFDCPA claim. Plaintiff has leave to amend this claim, but must articulate a cognizable legal theory supported by specific facts.

**F.   Negligence Per Se**

Plaintiff's negligence claim relies on the doctrine of negligence per se.  Under that doctrine,

> negligence is presumed if the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.  The first two elements are normally

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> questions for the trier of fact, while the latter two elements are determined by the trial court as a matter of law.

Galvez v. Friels, 88 Cal. App. 4th 1410, 1420 (Cal. Ct. App. 2001).

Here, Plaintiff's claim of per se negligence is premised on asserted violations of the FDCPA, FCRA, UCL, and RFDCPA. Compl. ¶¶ 54-58. Because each of her claims under those laws fails as pled, her negligence per se claim also fails. Moreover, although there is some question about the scope of FCRA preemption as applied to Plaintiff's UCL claim, there is none as applied to a negligence claim: such claims are specifically preempted by statute. See 15 U.S.C. § 1681h(e). The preemptive scope of § 1681h(e) is not unlimited. "By its plain terms, Section 1681h(e) only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure." Subhani, 2012 WL 1980416, at *3 (internal quotation marks omitted). Plaintiff's negligence claim clearly falls within the scope of preemption to the extent it is based on an alleged FCRA violation, and her complaint contains no allegations of malice or willful intent to injure. Hence, to the extent that Plaintiff's negligence per se claim relies on conduct that violates the FCRA, it fails as a matter of law.

Accordingly, Plaintiff's negligence per se claim is DISMISSED. The dismissal is with prejudice insofar as Plaintiff's negligence claim depends on conduct that violates the FCRA. Otherwise, plaintiff has leave to amend this claim consistent with the guidance herein.

**United States District Court**
For the Northern District of California

1    **V.     CONCLUSION**

2          For the foregoing reasons, the Court GRANTS FIA Card Services,

3    N.A.'s motion to dismiss the complaint of Plaintiff Lauren Noel.

4    The Court DISMISSES Plaintiff's claims as follows:

5          •    Claim 1 (FDCPA) is dismissed with leave to amend.

6          •    Claim 2 (FCRA) is dismissed with prejudice to the extent

7                it is based on 15 U.S.C. § 1681s-2(a), which provides no

8                private right of action.  Plaintiff otherwise has leave

9                to amend this claim.

10         •    Claim 3 (UCL) is dismissed with leave to amend.

11         •    Claim 4 (RFDCPA) is dismissed with leave to amend.

12         •    Claim 5 (negligence per se) is dismissed with prejudice

13               to the extent it is based on alleged violations of the

14               FCRA, negligence claims for such conduct being preempted.

15               Plaintiff otherwise has leave to amend this claim.

16         Any amendments shall be consistent with the guidance contained

17    in this order.  Plaintiff shall file her amended complaint within

18    thirty (30) days of the signature date of this Order.  Failure to

19    do so shall result in dismissal of this case with prejudice.

20

21         IT IS SO ORDERED.

22

23    Dated:  November 8, 2012

       _____
       UNITED STATES DISTRICT JUDGE

24

25

26

27

28